PATRICK J. SAMMON, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (F.W. Woolworth Co., Appellee).

First District (Industrial Commission Division)   No. 84—376

Opinion filed March 30, 1984.

Patrick J. Sammon, of Tinley Park, *pro se*, for appellant.

Roddy, Power & Leahy, Ltd., of Chicago (John P. Roddy, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Cook County, which confirmed a decision by the Industrial Commission. In that decision, the Commission denied Patrick J. Sammon's petition

filed under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)). Petitioner sought additional compensation for increased disability under a previous award for injuries sustained at work on April 6, 1976. While denying the section 19(h) petition on the ground that petitioner had not shown an increase of disability, the Commission awarded petitioner $381.37 for related medical expenses under section 8(a) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a)). After the circuit court confirmed the Commission's decision, petitioner brings a *pro se* appeal to this court.

Prior to the 1976 injury, petitioner had received an award under the Act for a 1975 injury for permanent and complete loss of the use of 10% of his left leg and 20% of his right leg. Petitioner then filed a claim for compensation for injuries he sustained on April 6, 1976, to his back and legs arising out of and in the course of his employment with respondent, F.W. Woolworth Company. On review of the arbitrator's award for the 1976 injury, the Commission increased the earlier award by granting compensation for an additional loss of use of 10% of the left leg. No appeal of the order was taken. On September 28, 1979, petitioner filed the present petition seeking additional compensation for increased disability.

At the initial arbitration hearing on the 1976 injury, petitioner testified that he injured his lower back while bending over to lift an item of freight merchandise from a lower bin. He complained of pain and numbness in his back and legs. Petitioner was hospitalized and a myelogram and discogram were performed. He was placed in traction at this time. Petitioner was again hospitalized with complaints of pain and numbness, and a second myelogram was performed. A back brace and stimulator were prescribed.

In 1977, petitioner testified at the review hearing on his 1976 injury that he still had numbness in his legs every morning and when he stood or sat too long. He also had lower back pain when lifting. In addition, petitioner stated that his arms were worse and that he had been given a shot for bursitis in his right arm.

When petitioner filed his section 19(h) petition, he again testified as to his physical condition. He consulted Dr. James Lambur in December 1977, with complaints of pain and numbness in his lower back and legs as well as his right shoulder and arm. In June 1978, he saw Dr. Victor Berger. At this time petitioner was receiving therapy for his shoulder. In September 1978, Dr. N. S. Martinez performed thoracic outlet surgery on petitioner. Petitioner continued to see Dr. Lambur, as well as several doctors at the Veterans Administration Hospital.

Dr. Lambur's testimony was given in the form of an evidence deposition in which he stated that the various tests, such as reflexes, sensation and neurological, were essentially normal at all times. Petitioner's straight leg raising had improved, and abnormalities in the electromyographic studies had subsided. There was no overt muscle atrophy. Petitioner's complaints were compatible with degernative lumbar disc disease. Bending and stooping would not cause a thoracic outlet syndrome. In March 1978 Dr. Lambur treated petitioner's arm and shoulder and diagnosed bursitis.

Dr. Berger testified by means of an evidence deposition that he treated petitioner for thoracic outlet syndrome and mild carpal tunnel syndrome. In Dr. Berger's opinion these conditions could not be caused by bending over and reaching, and there would have had to be an intervening cause after the 1976 injury. In 1977, petitioner's only complaint was about the lower back.

It was stipulated that Dr. Marshall Matz would testify that there was no relationship between petitioner's complaint of thoracic outlet syndrome and the 1976 injury. Dr. Matz found no change in petitioner's condition between an examination in March 1977 and one performed in March 1980.

The parties also stipulated that Drs. Martinez and Barnett would testify that there might or could be a causal connection between petitioner's complaints and treatment for right arm and shoulder pain and the injury in April 1976.

Section 19(h) of the Act provides in pertinent part as follows:

"[A]ccidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months after such agreement or award be reviewed by the Commission *** on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h).

Under section 19(h), petitioner had the burden to show that there had been some change in his condition and that it had recurred or increased, causing additional disability. The issue of whether petitioner's disability had increased, entitling him to additional compensation, was a question of fact for the Commission to decide based on conflicting medical evidence, and its decision will not be disturbed on review unless it is contrary to the manifest weight of the evidence. (See *Martin v. Industrial Com.* (1982), 91 Ill. 2d 288, 437 N.E.2d 650.) We will not substitute our judgment for that of the Commission where the record

clearly supports its findings that petitioner's arm and shoulder complaints were unrelated to his lower back injury. The Commission had before it the opinions of Drs. Lambur, Berger and Matz that petitioner's disability had not increased. Petitioner complains that the Commission considered only Dr. Lambur's testimony, but even if that were so, his testimony was sufficient to support the Commission's decision. Moreover, the decision includes findings which indicate that it also accepted Dr. Berger's testimony. The findings of the Commission were not against the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County confirming the Industrial Commission's decision is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., and BARRY, WEBBER, and KASSERMAN, JJ., concur.